UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



FEB 1 4 2013

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

EDWARD CHARLES PALMER,

Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

Civil Action No. 3:11–CV–142

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Edward Palmer's Objections (ECF No. 17) to Magistrate Judge Novak's Report and Recommendation ("R&R") (ECF No. 16), affirming the Social Security Administration's denial of Plaintiff's application for Social Security Disability ("DIB") and Social Security Income ("SSI"). The Commissioner of the Social Security Administration's ("Commissioner") decision to deny benefits consisted of a finding by an Administrative Law Judge ("ALJ") who determined that Palmer is not disabled according to the Social Security Act and applicable regulations. For the reasons stated below, the Court will OVERRULE Palmer's objections and ADOPT Judge Novak's R&R, which DENIES Palmer's Motion for Summary Judgment or Remand (ECF Nos. 9 & 10); GRANTS the Commissioner's Motion for Summary Judgment (ECF No. 13); and AFFIRMS the Commissioner's decision denying benefits to Palmer.

## BACKGROUND

"'Disability' is the 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006) (quoting 42 U.S.C. §

1

423(d)(1)(A)). The Commissioner, through the Appeals Council or an ALJ, utilizes a five-step sequential process to determine whether a claimant is disabled and thus eligible for Social Security disability benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. Under the five-step sequential inquiry, the Commissioner considers whether the claimant (1) is performing "substantial gainful activity;" (2) is severely impaired; (3) has an impairment that is at least as severe as one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) could continue performing work that he did in the past; and (5) could perform any other job in the national economy. 20 C.F.R. §§ 416.905, 416.920; *see also Rogers v. Barnhart*, 216 F. App'x 345, 347-48 (4th Cir. 2007). If, at any step of the analysis, the Commissioner is able to determine that the applicant is disabled, or not disabled, the inquiry must stop. 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner if the analysis reaches step five. *Bowen v. Yuckett*, 482 U.S. 137, 146 n.5 (1987).

Before considering step four of the sequential analysis, the Commissioner must determine the claimant's residual functioning capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). "RFC is a measurement of the most a claimant can do despite his limitations." *Hines*, 453 F.3d at 562. It is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.* (quoting Social Security Ruling ("SSR") 96-8p) (emphasis omitted); *see also* SSR 96–9p.

On February 21, 2008, Palmer protectively filed an application for a period of disability and disability insurance benefits. R. at 10. He also protectively filed an application for supplemental social security income on February 28, 2009. R. at 10. Palmer's claims were denied initially on April 23, 2008 and upon reconsideration on August 27, 2008. R. at 10. Palmer then filed a request for a hearing before an ALJ, which was held on May 27, 2009. The ALJ conducted the five-step sequential analysis and found Palmer is not disabled under the

Social Security Act. R. at 12–18. Under step one of the analysis, the ALJ found Palmer had not been "engaged in substantial gainful activity since" the application date and alleged onset of the disability, September 28, 2007. R. at 12. Addressing step two, the ALJ found Palmer suffered from severe impairments of pain as a residual of tarsal tunnel syndrome and morbid obesity. R. at 12. At step three of the analysis, the ALJ found Palmer "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." R. at 14. The ALJ recognized Palmer "has pain as a result of tarsal tunnel syndrome and uses a motorized scooter, but his condition has not resulted in an inability to ambulate effectively as defined in 1.00B2b." R. at 14.

Reviewing the entire record prior to considering step four, the ALJ found Palmer had an RFC "to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can walk at most a city block and needs an assistive device (cane or scooter) for ambulating long distances." R. at 15. When considering Palmer's symptoms at step four, the ALJ followed a two-step process to determine Plaintiff's credibility in describing his symptoms. R. at 15. The ALJ found Palmer's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of the symptoms are not credible to the extent they are inconsistent with the" RFC assessment. R. at 15. At the conclusion of step four, the ALJ found Palmer "is capable of performing past relevant work as a substance abuse counselor." R. at 17. At the hearing a vocational expert ("VE") testified that Palmer's job as a counselor required "sedentary exertional tasks . . . and that such a job could be performed by an individual with the [RFC] as determined." R. at 17. The ALJ therefore concluded Palmer is not disabled as defined by the Act and does not qualify for DIB or SSI. R. at 17–18. The Appeals Council denied Palmer's request for review, R. at 1, thus the ALJ determination was the final act and decision of the Commissioner.

Palmer appealed the ALJ's determination to this Court, alleging (1) substantial evidence

does not support the ALJ's finding that Palmer does not have an impairment that meets the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, and (2) that the ALJ failed to properly consider the compounding effects of Palmer's extreme obesity when conducting the sequential analysis. Judge Novak found that: (1) substantial evidence supported a finding that Palmer's impairments failed to meet or equal listing 1.02A, and (2) the ALJ properly considered Palmer's obesity. R&R 16–21. The R&R agrees with the Commissioner's determination and recommends the Court DENY Palmer's Motion for Summary Judgment or Remand, GRANT the Commissioner's Motion for Summary Judgment, and AFFIRM the final decision of the Commissioner. Palmer now objects to the R&R, alleging the Magistrate's determination that the Commissioner properly considered whether Palmer's condition meets or equals a 1.02A listing was in error. Specifically, Palmer argues the Magistrate misconstrued the ALJ's finding that Plaintiff could walk "at most" a city block and that the Magistrate erroneously made the implicit determination that there is no difference between requiring a cane versus a scooter to walk beyond a city block.

## STANDARD OF REVIEW

The Court may review a denial of benefits by the Commissioner, 42 U.S.C. § 405(g), but it must accept the Commissioner's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. *Hines*, 453 F.3d at 561. The "substantial evidence" standard is more demanding than the "scintilla" standard, but less demanding than the "preponderance" standard. *Mastro v. Apfel*, 270 F.3d 171, 177 (4th Cir. 2011). Thus, a finding is supported by "substantial evidence" if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id.* In determining whether a decision satisfies that standard, the Court may not weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the

4

Commissioner's findings. *Mastro*, 270 F.3d at 176.

A court reviews any portion of a Magistrate Judge's report and recommendation that has been properly objected to *de novo*. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). In order to properly object, a party must object "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

## ANALYSIS

Plaintiff objects to the Magistrate's determination that the ALJ properly considered whether Palmer's condition meets or equals 1.02A listing. The Plaintiff has the burden of proving that he meets or equals a listing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). Plaintiff challenges that his impairment meets or equals the listing which reads:

> Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (*i.e.*, hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.02A. The ability to ambulate effectively is defined as:

> To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, **examples of ineffective ambulation include, but are not limited to**, the inability to walk without the use of a walker, two crutches or two canes, **the inability to walk a block at a reasonable pace on rough or uneven surfaces,** the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in

and of itself, constitute effective ambulation.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00(B)(2)(b) (emphasis added).

The ALJ found Palmer did not meet or equal the above listing, but included a limit in his RFC that "he can walk at most a city block and needs an assistive device (cane or scooter) for ambulating long distances." R. at 15. Plaintiff contends this language is vague and ambiguous and leaves open the possibility or probability that Palmer cannot walk a city block without an assistive device, meeting or equaling the listing. Palmer objects to the Magistrate's review of this argument, asserting that Judge Novak misconstrued the ALJ's finding by stating "[i]f Plaintiff could walk a block at a reasonable pace without an assistive device, he could ambulate effectively." Pl's. Objection 1. Plaintiff misstates Judge Novak's finding. Judge Novak actually stated, "If Plaintiff could walk a city block without an assistive device, he could ambulate effectively." R&R 19. This finding did not include an assessment of the pace at which Plaintiff could ambulate.

Regardless, the ALJ's finding is not ambiguous and does not leave open the possibility that Palmer cannot ambulate effectively. When evaluating whether Plaintiff's impairments meet or equal a listed impairment, the ALJ explicitly recognized Palmer has pain and chooses to use a scooted, but found that "his condition has not resulted in an inability to ambulate effectively as defined in 1.00B2b." R. at 14. This implicitly indicates the ALJ found Plaintiff could walk a city block, at a reasonable pace, unassisted. See 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00(B)(2)(b). The ALJ then acknowledged Plaintiff's walking difficulty and included with the assigned RFC that Plaintiff can walk at most a city block and needs assistance to walk long distances. R. at 15. Reviewing these two findings together reveals the ALJ deemed Plaintiff able to walk one block without assistance, but not further. Such a finding does not indicate Plaintiff has an inability to ambulate effectively. Substantial evidence supports the ALJ's finding that Plaintiff does not have an inability to ambulate effectively under 1.00(B)(2)(b). As Judge Novak described, objective medical evidence, progress notes, and Plaintiff's activities of daily living illustrate Plaintiff's

ability to ambulate. *See* R&R 18–19. Plaintiff accordingly fails to meet his burden of proving his impairments meet or equal a listing.

Plaintiff also contends the Magistrate erred by making an implicit determination that whether Plaintiff requires a cane or scooter for walking long distances makes no difference. Plaintiff avers that the difficulties encountered in performing activities of daily living and work, such as using standard public transportation as contemplated by 1.02A, are drastically different depending on whether one must use a motorized scooter, as opposed to a cane. While Plaintiff's distinctions make intuitive sense, the distinctions are not legally relevant. The examples of ineffective ambulation include an "inability to use standard public transportation." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00(B)(2)(b). That using public transportation might be more difficult when using a scooter does not create an inability to use public transportation. Accordingly, the distinction between using a cane and a scooter for long distances does not affect the analysis in determining whether Plaintiff's condition meets or equals a listing under 1.02A. The Court therefore finds substantial evidence supports the ALJ's finding that Palmer does not have an impairment meeting or equaling one of the listed impairments and OVERRULES Palmer's objections.

## CONCLUSION

For the reasons stated above, the Court will OVERRULE Palmer's objections and ADOPT Judge Novak's Report and Recommendation, DENYING Palmer's Motion for Summary Judgment or Remand; GRANTING the Commissioner's Motion for Summary Judgment; and AFFIRMING the Commissioner's decision denying benefits to Palmer.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this _14th_ day of February 2013.